IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 06-CV-02003-WYD-MJW

PAMELA J. STONEY,

    Plaintiff,

v.

CINGULAR WIRELESS LLC, A DELAWARE CORPORATION

    Defendant.

## PROTECTIVE ORDER

THIS MATTER comes before the Court on the stipulated motion of Plaintiff and Defendant Cingular Wireless LLC ("Defendant"), for entry of a Protective Order concerning the treatment of Confidential Information in this litigation. The Court, being fully advised, HEREBY ORDERS that the Motion is GRANTED. Confidential Information (as defined below) produced in the course of this litigation will be subject to the following terms:

    1.    Certain information that each of the parties (each of whom shall be referred to as the "Producing Party") will provide to the other party (each of whom shall be referred to as the "Recipient Party") pursuant to Federal Rule of Civil Procedure 26 and in discovery and in depositions contains sensitive confidential and proprietary information relating to Plaintiff's medical history, Plaintiff's mental health counseling, Defendant's business, or confidential information concerning current or former employees of Defendant ("Confidential Information"). Confidential Information includes, but is not limited to, personal information regarding Plaintiff's medical records, any mental health counseling in which Plaintiff participated,

Defendant's customers, Defendant's trade secrets, information relating to current or former employees, payroll and compensation information, commercial information not available to Defendant's competitors, and information not publicly disseminated outside of Cingular Wireless LLC. It is the position of each party that the disclosure of such information outside the scope of this litigation could result in significant injury to its or her legitimate personal or business interests.

2. The Producing Party will stamp the word "Confidential" on all documents she or it deems in good faith to contain Confidential Information that are produced in discovery or pursuant to Rule 26 and next to the response to any interrogatory or request for admission that the Producing Party deems to contain Confidential Information. In addition, any medical records or records of mental health counseling that Defendant obtains as a result of a release or authorization form signed by Plaintiff shall be deemed "Confidential," whether or not Plaintiff or any other person has stamped the word "Confidential" on those records.

3. To the extent that the disclosure of Confidential Information is required in the course of depositions, the parties agree to utilize the following procedure:

    a. Any individuals not authorized under the terms of this Order to receive Confidential Information will be excluded from the room in which the deposition is conducted while Confidential Information is being discussed;

    b. The portions of the deposition identified by the parties as involving confidential information will be so designated by the reporter and will be subject to the terms of this Order.

4. Confidential Information produced by the Producing Party can be reviewed only by the Recipient Party; the Recipient party's counsel of record; the Recipient Party's counsel's paralegal, secretarial and clerical employees who are assisting in the preparation and trial or appeal of this action; witnesses or potential witnesses in this litigation; expert witnesses retained to assist either of the parties in this litigation; court reporters and other persons involved in recording deposition testimony in this litigation; employees of copying and/or microfilming services who are involved with providing copying or microfilming services to counsel for any party to this litigation; the Court and any persons employed by the Court whose duties require access to any confidential material; and any other individual authorized by the Producing Party or the Court. The Recipient Party must provide a copy of this Order to any individual to whom Confidential Information is disclosed and each such individual will be bound by this Order. No party or employee of a party, nor any witness or expert will be permitted to review Confidential Information until that person has signed a non-disclosure agreement in the form attached hereto as Exhibit "A," certifying that he or she has received a copy of this Order and agrees to be bound by its terms. Individuals authorized to review Confidential Information shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the Producing Party or by court order. Confidential Information may be used by the Recipient Party, its or her counsel, witnesses or potential witnesses, and expert witnesses solely in connection with this litigation.

5. In the event the Recipient Party contends that the Producing Party has improperly classified information as confidential, the parties will attempt to resolve the issue between themselves. If the parties cannot resolve the dispute, the Recipient Party may file a motion

requesting that the Court determine if the Producing Party's classification of the information as confidential is warranted.

6. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any pretrial proceedings or as evidence at trial, the information shall be filed [consistent with D.C.COLO.LCivR 7.2. And 7.3] in a sealed envelope with the following statement typed conspicuously on the face of the envelope:

*[handwritten margin note: mgr 4/9/07]*

Confidential
This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on _____, 2007, in Case 06-CV-02003-WYD-MJW.

Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as confidential shall be filed in a sealed envelope containing the same statement.

7. At the conclusion of this litigation and any appeals associated therein, Confidential Information shall be handled in the manner prescribed in this paragraph 8. The Recipient party's counsel will collect all extracts, abstracts, charts, summaries, notes or copies made from Confidential Information and shall obtain from each recipient an affidavit in the form of Exhibit B attached hereto. The Recipient Party will have the option of immediately returning to the Producing Party all Confidential Information provided to the Recipient Party, including all extracts, abstracts, charts, summaries, notes or copies that have been prepared by the Recipient Party, its or her counsel or experts, and the portions of all transcripts of depositions and testimony that contain specific discussion of Confidential Information or certifying to Defendant that she or it has collected all such Confidential Information and destroyed all copies thereof.

The Recipient Party's counsel shall confirm in writing that they have complied with the requirements of this paragraph 8.

8. The Producing Party shall have all rights and remedies provided by law for breach of the terms of this Protective Order.

9. This Order shall govern any Confidential Information disclosed in the course of any alternate dispute resolution associated with this case, including but not limited to mediation and arbitration.

GRANTED this 9th day of April, 2007.

BY THE COURT:

_____
~~United States District Judge~~

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

I hereby acknowledge that I have read the Protective Order relating to Confidential Information entered in *Pamela J. Stoney v. Cingular Wireless LLC*, Civil Action No. 06-cv-02003-WYD-MJW, and agree to be bound by its terms.

_____
Signature

_____
Type or print name

_____
Address

_____

_____
Date

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 06-CV-02003-WYD-MJW

PAMELA J. STONEY,

    Plaintiff,

v.

CINGULAR WIRELESS LLC, A DELAWARE CORPORATION

    Defendant.

---

**AFFIDAVIT**

---

STATE OF _____ )
                                            ): ss.
COUNTY OF                )

    I, _____, being first duly sworn, depose and state as follows:

    1.    During the course of this civil action I received Confidential Information as that term is defined in the Protective Order entered by the Court dated _____, 2007.

    2.    Concurrently with this Affidavit, I have returned all Confidential Information, including all copies and any summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information to the other party to this case or its or her counsel of record.

2

3.     Except in accordance with the above-referenced Protective Order, I have not either personally or through any representatives kept or maintained any Confidential Information or any copies or summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information.

_____

The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this \_\_\_\_ day of _____, 2007 by _____.

[ S E A L ]

_____
Notary Public
My Commission Expires:_____

479226v.6

2