IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02003-WYD-MJW

PAMELA J. STONEY,

Plaintiff,

v.

CINGULAR WIRELESS L.L.C.,

Defendant.

**ORDER REGARDING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSE (Docket No. 33)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Defendant moves to file an amended answer to assert an additional affirmative defense, namely, that the plaintiff's claims, or some of them, are barred by the doctrine of after-acquired evidence. The court has considered the motion (Docket No. 33) and the response (Docket No. 40). In addition, the court has considered the file and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

The motion was filed on May 22, 2007, which was almost three months after the February 26, 2007, deadline for amendment of pleadings set forth in the Scheduling Order. (Docket No. 10). Since the motion was made after that deadline, this court has applied the following analysis in deciding whether to allow the amendments:

Where, as here, a motion to amend the pleadings . . . is filed after the

2

> scheduling order deadline, a "two-step analysis" is required.  Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) .
> . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

<u>Pumpco, Inc. v. Schenker Int'l, Inc.</u>, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).  This court finds that the defendant has satisfied this first step in the analysis and has established good cause to extend the deadline within which it may seek leave to amend the complaint.  Although the parties disagree over when defendant first became aware of the fact that the plaintiff had retained copies of allegedly confidential proprietary documents after the termination of her employment and was using them in her litigation, plaintiff was not deposed until late April, at which time defendant was able to inquire about these documents.  Defendant then made the instant motion following receipt of the transcript.  This motion was not so late that defense counsel exhibited a lack of diligence.

The second step is consideration of whether the defendant has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted).  Based upon this standard, and substantially for the reasons stated in the motion to amend, this court finds that the proposed amendment should be permitted.  The court notes that no trial date has been set in this matter.  In addition, the discovery deadline was recently extended to September 21, 2007 (Docket No. 39), so in the event the parties believe that additional discovery is warranted in light of this amendment, they have sufficient time to do so.  Thus, any prejudice that might arise from this amendment is capable of being cured.  Id.  Finally, while plaintiff contends that the amendment is futile, it is not clear at this point that the amendment is in fact futile.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Defendant's Motion for Leave to File Amended Answer to Assert Additional Affirmative Defense (Docket No. 33) is granted.  It is further

**ORDERED** that the tendered Amended Answer and Jury Demand (Docket No. 33-4) is accepted for filing as of the date of this Order.


Date:  June 18, 2007                                s/ Michael J. Watanabe
       Denver, Colorado                             Michael J. Watanabe
                                                    United States Magistrate Judge