**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
_____

**PAMELA J. STONEY,**

                         **Plaintiff,**

  -against-                                                          06-CV-02003

**CINGULAR WIRELESS LLC,**
**a Delaware corporation,**

                         **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff moves to amend the Pretrial Order to add Emily Barrowclough as a fact witness in Plaintiff's case-in-chief. Dkt. # 201. Defendant opposes the motion, dkt. # 203, and Plaintiff has replied to Defendant's opposition. Dkt. # 204.

Having considered the parties' arguments, and for the reasons that follow, the motion is denied.

**II.    BACKGROUND**

Plaintiff stated in her Rule 26(a)(1) Initial Disclosure Statement that one of her adult daughters, Emily Barrowclough, was believed to have discoverable information

1

"concerning her observations about the emotional impact of [AT&T Wireless Services'] termination decision on Plaintiff, the nature and extent of Plaintiff's damages, and all other related matters." Plaintiff testified at her deposition on April 26, 2007 that she did not believe that she spoke to Ms. Barrowclough "about the specific events that started on June 22nd in the performance improvement plan." Stoney Dep., p. 138. Based on this testimony, Defendant decided not to depose Ms. Barrowclough. Def. Opp. p. 2.

Plaintiff did not list Ms. Barrowclough as a potential witness in the Pretrial Order. Trial in this matter was scheduled to start on April 26, 2010. However, on April 20, 2010, the Court issued an order adjourning the trial to May 3, 2010. On April 21, 2010, Plaintiff filed the instant motion seeking to amend the Pretrial Order to add Ms. Barrowclough as a witness.

In the motion, Plaintiff asserts that she spoke to Ms. Barrowclough "recently" and learned that Ms. Barrowclough recalled two matters that are relevant to issues in this case. These are:

(1) Ms. Barrowclough visited Plaintiff at about 2:00 p.m. on Sunday, July 4, 2004 to meet Plaintiff for a picnic. "She recalls that Plaintiff was working in her office, in front of a computer, with stacks of papers in front of her. She further recalls that Plaintiff said that she had to work on a huge project and that she had to do a workaround." Pl. Mot., pp. 1-2. Plaintiff declined to picnic with Ms. Barrowclough that day. Id.

(2) Ms. Barrowclough also recalls that Plaintiff frequently worked long hours. "She recalls that Plaintiff generally worked until 8:30 to 9:00 p.m. at night and worked frequently during weekends." Id. p. 2.

Plaintiff contends that Ms. Barrowclough' testimony

2

> will corroborate Plaintiff's testimony that she was working long hours on that reconciliation project over the Independence Day weekend, before her lengthy telephone conversation with Ms. Caprio on July 6, 2004. That testimony therefore will rebut Ms. Caprio's testimony that Plaintiff was cavalier about her job responsibilities in connection with this project and that she, not Plaintiff, did virtually all of the work needed to complete the work on that project for members of Plaintiff's sales team. Ms. Barrowclough also will corroborate Plaintiff's testimony about the long hours she worked for A&T Wireless Services at times other than that weekend.

Id. pp. 2-3.

Defendant opposes the motion on the grounds that Plaintiff fails to establish good cause for the requested amendment, and that Defendant will be prejudiced by the late addition of Ms. Barrowclough as a witness. Def. Opp. [dkt. # 203].

## III. DISCUSSION

> A pretrial order, which measures the dimensions of the lawsuit, both in the trial court and on appeal, may be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). See Tyler v. City of Manhattan, 118 F.3d 1400, 1403 (10th Cir. 1997). The party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur. See Koch v. Koch Indus., Inc., 203 F.3d 1202, 1222 (10th Cir. 2000). The purpose of the pretrial order is to "insure the economical and efficient trial of every case on its merits without chance or surprise." See Hull v. Chevron U.S.A., Inc., 812 F.2d 584, 588 (10th Cir. 1987).

Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1208 (10TH Cir. 2002).

Although "total inflexibility is undesirable," id., the decision to allow an amendment to the Pretrial Order rests within the sound discretion of the trial court. Roberts v. Roadway Express, 149 F.3d 1098, 1107 (10th Cir.1998). In exercising this discretion, the Court considers four factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4)

3

bad faith or willfulness in failing to comply with the court's order. Smith v. Ford Motor Co., 626 F.2d 784, 797 (10th Cir. 1980).

Plaintiff has not met her burden of establishing that manifest injustice would occur if the Pretrial Order is not amended. Plaintiff is in the best position to testify as to the extent and nature of the work she performed over the July 4, 2004 weekend and at other times during her employment. Ms. Barrowclough's proffered testimony offers only a glimpse as to what Plaintiff was doing while Ms. Barrowclough visited her. See Pl. Mot., p. 2 (Ms. Barrowclough lived independently from Plaintiff). The proffered testimony provides little, if any, admissible evidence as to what Plaintiff did in Ms. Barrowclough's absence.

Further, Plaintiff reasonably should have been aware of the potential for Ms. Barrowclough's testimony for some time. This case concerns Plaintiff's discharge on July 12, 2004. The action was commenced in October, 2006, and there has been motion practice challenging the factual and legal basis for the claims in this case. Indeed, the remaining claim was dismissed on summary judgment and then reinstated on reconsideration. See May 19, 2009 Order, dkt. # 140. Why Plaintiff waited until eight (8) business days before trial to make the motion is unclear, but she offers no justifiable basis for the delay such to warrant the late amendment. See Keenan v. Colorado Dept. of Human Services, 2007 WL 3256693, at *3 (D. Colo. Nov. 1, 2007).[1]

Still further, calling the witness will prejudice Defendant that chose not to depose Ms. Barrowclough based on Plaintiff's deposition testimony. While this prejudice could

---

[1] ("Defendants provide no argument to support this late disclosure when the relevance of this testimony was clearly known to Defendants throughout this lawsuit, which has been pending for over two years. The Court believes this amendment would be severely prejudicial to Plaintiff and its late timing is inexcusable. . . . [T]he amendment is prejudicial, and Plaintiff cannot cure this prejudice at this late date. This amendment is, therefore, not necessary to prevent manifest injustice to Defendants.")

4

theoretically be cured by an 11th hour deposition, Ms. Barrowclough "lives and works in Charlotte, North Carolina, and cannot travel to Denver because she has recently started a new job." Pl. Reply, p. 5. The notice to add Ms. Barrowclough, under the circumstances, is too late, see Canales v. Principi, 220 F.R.D. 627, 629 (D. Colo. 2004),[2] and attempts to schedule a deposition would likely disrupt the orderly and efficient trial of the case. Id.

**IV.    CONCLUSION**

For the reasons discussed above, Plaintiff's motion to amend the Pretrial Order to add Emily Barrowclough as a fact witness in Plaintiff's case-in-chief, dkt. # 201, is **DENIED**.

**IT IS SO ORDERED**

DATED: April 27, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] ("It is easy to say that two weeks remain before trial, time enough to allow the defendant to depose Dr. Eckstein and prepare to rebut his opinions. As a practical matter that simply is not so, as trial lawyers plainly know. Two weeks before trial, counsel are heavily burdened preparing their cases. It is unreasonable and unfair to compound the work of one side, here the defense, by requiring it to undertake the deposition of a medical expert and the nearly instantaneous preparation of a rebuttal case. This is particularly true here, where Dr. Eckstein has not provided a Rule 26(a)(2) report.")

5